UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------- x
GREETINGS TOUR, INC,                                      :
                                                          :
                                                          :
                                      Plaintiff,          :
                                                          :
           -against-                                      :
                                                          :
                                                          :
                                                          :
    NY & CO ECOMM LLC,                                    :
                                                          :
                                      Defendant.          :
-------------------------------------------------------- x
```

**ORDER**

23 Civ. 4848 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

On June 8, 2023, Plaintiff Greetings Tour, Inc. brought this suit against NY & Co Ecomm LLC and Does 1-10 for copyright infringement under 17 U.S.C. § 504 and for copyright removal under 17 U.S.C. § 1202. In its Complaint, it seeks statutory damages and injunctive relief, as well as costs and fees.

Does 1-10 are not identified and are therefore dismissed. *Bigsby v. Barclays Capital Real Estate, Inc.*, 298 F.Supp.3d 708, 727 (S.D.N.Y. 2018).

## I.     Background

Plaintiff is an artistic entity that creates murals for clients, including the mural at issue. ECF No.1. Defendant sells women's clothes on the internet; it has no physical location. ECF No. 23. Plaintiff registered the mural at issue with the United States Copyright Office. The mural reads "Greetings from NOLA," and depicts the phrase in large block letters filled with color and images on a wall, bounded by a curved, green portrayal of farmland. The mural contains a copyright notice in the bottom right corner of the image.

1

Defendant posted two images on its Instagram featuring a portion of the mural without obtaining permission from Plaintiff to reproduce the copyrighted material. Both photos, which display two women wearing clothes designed by the Defendant who are standing in front of the mural, are linked to a third-party account, @amberdowty_. The copyright notice is not visible in the portion of the mural featured in either photo. ECF No. 23.

Plaintiff initiated this lawsuit on June 8, 2023, alleging that the uses of the mural on Defendant's Instagram account infringed upon its copyright. ECF No. 1. Defendant failed to appear in the litigation, and the Clerk of Court entered default against it. ECF No. 11. Three months passed with no appearance from the Defendant, and on November 17, 2023, the Plaintiff moved for a default judgment against the Defendant.

## II. Damages

Clearly, the Defendant infringed upon the Plaintiff's copyright by posting the images to Instagram without permission. Under copyright law, this constitutes an infringement despite a lack of proof that the Defendant knew of copyright protection. *Ciner Mfg. Co. v. Plastic Craft Novelty Co.*, 1993 U.S. Dist. LEXIS 7463, at *3-4 (S.D.N.Y. March 19, 1993). Although Plaintiff alleges the infringement was willful, and a default judgment can constitute willfulness, under the facts alleged, there was no willfulness. *See Fallaci v. New Gazette Literary Corp.*, 568 F.Supp. 1172, 1173 (S.D.N.Y. 1983). Under 17 U.S.C. § 501(c), copyright infringement entitles a plaintiff to bring suit under federal law. Relief may come in the form of both equitable action as well as monetary damages. As to damages, a plaintiff may elect to receive either "the actual damages [he suffered] as a result of the infringement, and any profits of the infringer . . . attributable to the infringement and . . . not taken into account in computing actual damages," 17 U.S.C. § 504(b), or (ii) "instead of actual damages and profits, an award of statutory damages for

all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1).

Even where a default judgment is granted, the amount of damages pled is not automatically deemed true. *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Instead, the Court must conduct an inquiry itself to ascertain the amount of damages with reasonable certainty. *Id.* District courts are given broad discretion to set the amount of damages a plaintiff is entitled to, but should consider (1) an infringer's state of mind; (2) the expense saved, and profits earned, by the infringer; (3) the revenue lot by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties. *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 127 (2d Cir. 2014).

Plaintiff requests statutory damages in the amount of $75,000, above the top of the scale for non-willful infringement. ECF No. 25. Plaintiff has not demonstrated actual, financial harm it suffered from the infringement in the Complaint. Plaintiff offers licenses to its mural, but it does not explain how much it would have charged the Defendant for such a license. ECF No. 23. There is also no indication that Defendant knew of the copyright protection.

A $25,000 award would sufficiently deter the Defendant from infringing on the Plaintiff's copyright, as well as serve the public interest by generally deterring copyright infringement of this kind. The Defendant, as noted earlier, posted two pictures featuring the Plaintiff's mural onto its own Instagram page. The focus of the photos was likely the two models in the picture, not the image on the wall behind them. Because of this repeated, but not willful infringement of copyrighted material, as well as the need to deter NY & Co. and others

from violating copyright laws in the future, I find it appropriate to award the Plaintiff $25,000 in statutory damages under 17 U.S.C. 504(c).

The Plaintiff also alleges a violation of 17 U.S.C § 1202, which prohibits parties from intentionally removing copyright information from a protected image. I do not find sufficient facts pled to indicate that the Defendant intended to obscure the copyright in the bottom corner of the mural. In fact, the pleadings do not show that either image was even taken or staged by the Defendant. Instead, the two images are linked to a third-party account, and the screenshots provided by the Plaintiffs in the exhibits to the Complaint fail to make any showing that the Defendant itself took the photos and purposefully obscured the copyright mark. ECF No. 1, Ex. B. No damages will be granted on this claim.

### III. Further Relief

Under the Copyright Act, a district court may grant a permanent injunction "on such terms as it may deem reasonable to prevent or restrain" further infringement of a copyright. 17 U.S.C. § 502(a). To obtain a permanent injunction in a copyright infringement case, a plaintiff must establish the following four elements: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering that balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

The Plaintiff has made the required showings for a permanent injunction. First, the merits of its claim under 17 U.S.C. § 504(c) have been established, as described above. Second, Plaintiff will suffer irreparable harm if a permanent injunction is not issued because, if no injunction is granted, the Defendant may continue to profit from the unauthorized reproduction

4

of the Plaintiff's mural.  Third, the balance of hardships weighs in favor of the Plaintiff, as the

Defendant suffers no hardship by being prevented from infringing upon Plaintiff's copyright.

*See, e.g. Rovio Entm't, Ltd v. Allstar Vending, Inc.*, 97 F.Supp.3d 536, 547 (S.D.N.Y. 2015).

Finally, the public interest favors issuance of an injunction because halting the unlawful

reproduction of copyrighted material serves the public interest.

In light of the above, I order the following against defaulting Defendant NY & Co

Ecomm LLC:

Defaulting Defendant, its affiliates, officers, agents, servants, employees, attorneys,

confederates, and all persons acting for, with, by, through, under, or in active concert with it are

permanently enjoined and restrained from using Plaintiff's copyrighted mural in any manner in

connection with the distribution, marketing, advertising, offering for sale, or sale of any of its

products, except under license granted by Plaintiff.

Plaintiffs additionally seek costs and attorneys' fees from the Defendant, but does not

show what they are.  ECF No. 1.  Plaintiff is given leave to prove reasonable attorneys' fees as

"the product of a reasonable hourly rate and the reasonable number of hours required by the

case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).  The Clerk will tax

costs.

## CONCLUSION

Plaintiff's motion is granted against NY & Co Ecomm LLC.  I award judgment in Plaintiff's favor against the defaulting Defendant in the amount of $25,000 in statutory damages for the Defendant's use of the two images, plus reasonable attorneys' fees, plus costs to be taxed by the Clerk.  Plaintiff shall submit a form of judgment.  ECF No. 22 is terminated.


SO ORDERED.

Dated:        November 28, 2023
              New York, New York                    ALVIN K. HELLERSTEIN
                                                    United States District Judge